IN RE: Alexandra Elizabeth ACOSTA-CONNIFF, Debtor.

ECMC, a.k.a. Educational Credit Management Corporation, Plaintiff-Appellee,

v.

Alexandra Elizabeth Acosta-Conniff, Defendant-Appellant.

No. 16-12884

United States Court of Appeals, Eleventh Circuit.

(April 19, 2017)

A. L. Brown, Capitol City Law Group, St. Paul, MN, Robert A. Morgan, David E. Rains, Kristofor David Sodergren, Rosen Harwood, PA, Tuscaloosa, AL, David Chip Schwartz, Zarzaur & Schwartz, PC, Birmingham, AL, for Plaintiff-Appellee

Eugene Wedoff, Law Offices of Eugene R. Wedoff, Oak Park, IL, Nicholas E. Ballen, Catherine L. Steege, Jenner and Block, LLP, Chicago, IL, Carl Nicholas Wedoff, Jenner & Block, LLP, New York, NY, for Defendant-Appellant

Tara A. Twomey, National Consumer Bankruptcy Rights Center, Carmel, CA, for Amici Curiae National Association of Consumer Bankruptcy Attorneys, National Consumer Law Center

Before ROSENBAUM and JULIE CARNES, Circuit Judges, and SCHLESINGER,* District Judge.

PER CURIAM:

Appellant Alexandra Elizabeth Acosta Conniff ("Conniff") recently emerged from Chapter 7 bankruptcy and was granted a discharge on her outstanding debts. Because the Bankruptcy Code does not, as a general matter, permit student loans to be discharged via bankruptcy, *see* 11 U.S.C. § 523(a)(8), Conniff's student debt totaling $112,000 was excluded from this discharge. There is, however, a narrow exception to this exclusion for a debtor who can show that repayment of her student debt would cause "undue hardship." *Id.*

Conniff argued that she would suffer undue hardship if required to repay the balance of her student debt. Following briefing and a trial, the bankruptcy court concluded that Conniff met her burden of demonstrating undue hardship, and it granted her a complete discharge of her student debt. Conniff's student-loan creditor, Educational Credit Management Corp. ("ECMC"), appealed this decision to the district court, which concluded that Conniff had failed to show undue hardship and accordingly reversed the bankruptcy court's order finding the student debt was dischargeable. Conniff appeals the district court's reversal.

After careful consideration of the record before us, and with the benefit of oral argument, we VACATE the district court's judgment and REMAND for further consideration consistent with this opinion.

## STANDARD OF REVIEW

This Court reviews a district court's legal conclusions *de novo. See In re Fin.*

*Federated Title & Trust, Inc.*, 309 F.3d 1325, 1328–29 (11th Cir. 2002) (citing *Capital Factors, Inc. v. Empire for Him, Inc. (In re Empire for Him, Inc.)*, 1 F.3d 1156, 1159 (11th Cir. 1993)). Whether a district court has applied the correct standard of review to a bankruptcy court's decision is a legal question that this Court also reviews *de novo. See, e.g., Rush v. JLJ Inc. (In re JLJ Inc.)*, 988 F.2d 1112, 1116–17 (11th Cir. 1993).

## DISCUSSION

An individual debtor like Conniff may not discharge her student loans through bankruptcy unless she can show that repayment would cause her "undue hardship." 11 U.S.C. § 523(a)(8). The term "undue hardship" is not defined in the Bankruptcy Code. To guide courts' analysis, this circuit has adopted the test set out in *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987) (the *"Brunner* test"). *See Hemar Ins. Corp. v. Cox (In re Cox)*, 338 F.3d 1238, 1241–42 (11th Cir. 2003). Under the *Brunner* test, a debtor is entitled to discharge of her student debts if she proves all of the following:

(1) That the debtor cannot maintain, based on current income and living expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;

(2) That additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

(3) That the debtor has made good faith efforts to repay the loans.

*Brunner*, 831 F.2d at 396.

This three-prong test looks at three different time periods. The first prong focus-

---

* The Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

es on the present ability of the debtor to repay the debt. The second prong looks to the future to determine the unlikelihood that the debtor could become able to repay the loan. The third prong looks to the debtor's past conduct to determine whether her actions in the past have manifested a good faith effort to repay that which she owes. The debtor bears the burden of proving each prong of the *Brunner* test by a preponderance of the evidence. *Educ. Credit Mgmt. Corp. v. Mosley (In re Mosley)*, 494 F.3d 1320, 1324 (11th Cir. 2007).

Following a trial, the bankruptcy court concluded that Conniff met her burden under all three prongs of the *Brunner* test and thus was entitled to discharge. The legal standard applicable to the second prong, which looks to the likelihood that the debtor will continue to be unable to repay the loans, is whether "there is a 'certainty of hopelessness' that the debtor will be able to repay the loans within the repayment period." *Mosley*, 494 F.3d 1320. Addressing this second prong, the district court disagreed with the bankruptcy court's conclusion that Conniff had met her burden under this prong of the *Brunner* test, and it reversed on that basis. Because Conniff had to prove all three prongs of the test, the district court indicated that Conniff's failure to meet her burden on the second prong meant that it was unnecessary for the court to decide whether she had met the first or third prong.

Conniff argues on appeal that instead of reviewing the bankruptcy court's ruling under a clearly erroneous standard, the district court actually applied a *de novo* standard, substituting its own judgment of the facts for the bankruptcy court's. On appeal from a bankruptcy-court order, a district court reviews findings of fact for clear error and conclusions of law *de novo*. *See In re Fin. Federated Title & Trust, Inc.*, 309 F.3d 1325, 1328–29 (11th Cir.

2002). Because application of the *Brunner* test involves mixed questions of fact and law, *In re Mosley*, 494 F.3d at 1324, it is important that a reviewing court identify the standard of review it is applying in considering the various factual findings and legal conclusions reached by the bankruptcy court.

■ A bankruptcy court's findings as to each of the three prongs of the *Brunner* test are factual findings that should be reviewed by the district court for clear error; not under a *de novo* standard of review. *Cf. In re Mosley*, 494 F.3d at 1326–27 (indicating that the evidence at trial supported the bankruptcy court's finding that the debtor would be highly unlikely to become able to repay his student loans and that he had made good faith efforts to obtain work to enable him to repay those loans). By contrast, a bankruptcy court's interpretation of any legal question pertinent to its fact finding, including whether or not a debtor is entitled to discharge based on its findings as to the three *Brunner* prongs, is a legal conclusion subject to *de novo* review. *See Hedlund v. Educ. Res. Inst. Inc.*, 718 F.3d 848, 849, 854 n. 10 (9th Cir. 2013) ("In a § 523(a)(8) proceeding, the bankruptcy court's good faith finding" under the third prong of the *Brunner* test "should be reviewed for clear error," but "we review the application of *Brunner de novo, i.e.*, whether the bankruptcy court properly applied the three-prong test" in deciding whether a debtor is entitled to discharge based on the *Brunner* findings).

The district court did not, however, indicate whether it was applying a clear error or a *de novo* standard of review when it considered the bankruptcy court's finding as to the second prong of the *Brunner* test, which is the only prong the district court examined. From our review of the district court order, we cannot confidently

conclude that the court was applying a clear error standard.

Given this uncertainty, we remand the case to the district court with instructions to apply clear-error review to the bankruptcy court's factual findings as to <u>each</u> prong of the *Brunner* test and *de novo* review to any of the bankruptcy court's legal conclusions. If the district court concludes that it lacks sufficient factual findings to review the bankruptcy court's decision as to any of the three prongs,[1] the district court may remand the matter to the bankruptcy court for further factual findings as it deems necessary.

■ Finally, in expressing its disagreement with the bankruptcy court's decision, the district court offers several grounds in support of its reasoning. One of those grounds, however, merits mention. Specifically, in reaching its conclusion that Conniff had not proven the second prong, the district court opined that Conniff has only herself to blame for incurring student debt in the pursuit of multiple degrees that she should have known would not lead to an increase in income sufficient to cover the debt:

> Although she is not satisfied with the pay the advanced degrees ultimately have yielded, Conniff chose to earn four degrees, funded primarily by student loans, in her preferred career path of

education with a general understanding of the benefits she would obtain from the degrees versus the costs. She admits specifically that she decided to obtain another student loan to earn her pinnacle Ph.D in special education and agreed to repay it, knowing how the cost of the Ph.D compared with the increase in pay it would provide. (Doc. #2-11, at 31.) Conniff finds herself in circumstances largely of her own informed decision-making, which although not dispositive, is a consideration. *See In Re Brightful*, 267 F.3d 324, 328 (3d Cir. 2001).

From this, the district court concluded, among other things, that "[a]lthough Conniff admittedly finds herself in undesirable financial difficulties, she ultimately must bear the consequences of her decision to obtain loans in order to pursue her multiple educational goals."

As noted, the second prong is a forward-looking test that focuses on whether a debtor has shown her inability to repay the loan during a significant portion of the repayment period. It does not look backward to assess blame for the student debtor's financial circumstances. Thus, even if the court concludes that a debtor has acted recklessly or foolishly in accumulating her student debt, that does not play into an analysis under the second prong. Nor should it be considered on remand in analysis of that prong.[2]

---

**1.** Expressing its uncertainty whether the bankruptcy court's conclusion constituted an effort "to provide an equitable escape from a perceived 'life sentence' of debt," the district court indicated the need for more detailed factual findings by the bankruptcy court as to the reasonableness and necessity of Conniff's expenses and the extent to which she could reduce those expenses. The court further indicated that the bankruptcy court had not spelled out its thinking as to why it had chosen $915 as the benchmark for Conniff's monthly repayment obligations, nor made factual findings regarding her eligibility for a repayment plan that would substantially re-

duce her monthly payments. Finally, as to Conniff's failure to take advantage of a loan forgiveness program that would have wiped out $17,500 of her debt for every five years she taught special education in a rural district, the district court found the record lacking in explaining why Conniff was unsuccessful in participating in this program and what steps she could have taken to achieve a different result.

**2.** We neither foreclose nor endorse a possible argument that the third prong, which looks to a debtor's good faith, might be implicated in an extreme case by a debtor who unnecessari-

## CONCLUSION

The district court's decision reversing the bankruptcy court's discharge order is VACATED and the matter is REMANDED to the district court for further review consistent with this opinion.

ly and unreasonably amasses substantial additional debt at a time when she is obligated to pay a student loan, and who then argues that, because she now has so many other bills to pay, she should receive an undue hardship exemption as to her student debt. We merely note that our holding regarding the need to look only to the debtor's future ability to pay applies solely to the second prong.